UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS KERNELL WINSTEAD,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>Defendants. | Case No. 1:17-cv-00951-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Marcus Kernell Winstead ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff's complaint, filed on July 17, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

1

§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff currently is housed at the Lewisburg United States Penitentiary in Lewisburg, Pennsylvania. The events in the complaint are alleged to have occurred while Plaintiff was housed at the United States Penitentiary – Atwater, in Atwater, California. Plaintiff names fifteen different defendants and forwards claims for retaliation in violation of the First Amendment, denial of access to the courts in violation of the First Amendment, and for cruel and unusual punishment in violation of the Eighth Amendment. As relief, Plaintiff seeks compensatory and punitive damages.

**III.    Bivens Actions Following Ziglar v. Abbasi**

Plaintiff is a federal prisoner proceeding under Bivens. To date, the Supreme Court has

1 | only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) (citations omitted).

If a claim presents a new context in Bivens, then the court must consider whether there are special factors counseling against extension of Bivens into this area. Abassi, 137 S.Ct. at 1857. The Supreme Court's precedents "now make clear that a Bivens remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Id. Thus, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857–58. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

### 1. First Amendment Claims

Here, Plaintiff seeks to extend a Bivens remedy for violations of the First Amendment through both retaliation and denial of access to courts. The Supreme Court has never implied a Bivens action under any clause of the First Amendment.[1] See Reichle v. Howards, 566 U.S. 658,

---

[1] While the Ninth Circuit has previously held that Bivens may be extended to First Amendment claims, Gibson v. United States, 781 F.2d 1334, 1342 (9th Cir. 1986) (permitting First Amendment retaliation claim under Bivens); Moss v. U.S. Secret Serv., 572 F.3d 962, 967 n.4 (9th Cir. 2009) (noting Bivens extends to First Amendment damages claims), it has recently revisited this question in light of Abassi, see Vega v. United States, 881 F.3d 1146, 1153 (9th Cir. 2018)(declining to extend Bivens remedy to First Amendment access to courts and Fifth Amendment procedural due process claims against private employees of residential reentry center). These earlier Ninth Circuit cases are therefore not controlling. Under Abassi, the relevant question is whether the Bivens context

663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."). As Plaintiff's First Amendment claims clearly present a new context in Bivens, this requires the consideration of any special factors counseling against extension of Bivens into this area, including whether there is any alternative, existing process for protecting Plaintiff's interests.

As discussed in Abassi, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action." Abassi, 137 S.Ct. at 1865. It is clear that Plaintiff had or has alternative remedies available to him, including the Bureau of Prisons administrative grievance process, a federal tort claims action, the filing of a writ of habeas corpus, or injunctive relief. Indeed, it appears that Plaintiff utilized the administrative process in an effort to resolve his claims.

Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Id. As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

Id. (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new Bivens claim.

For the foregoing reasons, the Court finds that special factors counsel hesitation in this context, and declines to find an implied Bivens cause of action for First Amendment retaliation or for First Amendment denial of access to courts. See, e.g., Free v. Peikar, 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (noting that nationwide, district courts seem to be in agreement that, post-Abassi, prisoners have no right to bring a Bivens action for violation of the First Amendment). These deficiencies are not subject to cure by amendment of the complaint.

---

differs meaningfully from cases decided by the Supreme Court. See Abassi, 137 S. Ct. at 1859, 1864.

### 2. Eighth Amendment Claim

The nature of Plaintiff's claims includes assertions that Defendant Hellings solicited an inmate to assault Plaintiff, Defendants Helling and Hayes took Plaintiff's mattress, Defendant Hellings threatened Plaintiff and labelled him a snitch in front of other inmates, an unknown officer made allege sexual threats and Defendant Matevousian was notified of this misconduct, but was deliberately indifferent. Plaintiff asserts that all of this conduct violated the Cruel and Unusual Punishments Clause of the Eighth Amendment.

As indicated above, in Carlson, the Supreme Court extended Bivens to a claim arising from the Cruel and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14. However, deliberate indifference to a serious medical need, see Carlson, 446 U.S. at 16 n.1, is different than Plaintiff's claims arising out of an inmate assault, threats by officers, removal of his mattress and deliberate indifference to those actions. Accordingly, because Plaintiff's Eighth Amendment claims arise in a different context from those of Carlson, the Court also must employ a special factors analysis for this claim. For the same reasons that counsel hesitation in the First Amendment context discussed above, the Court similarly declines to find an implied Bivens cause of action arising out of Plaintiff's Eighth Amendment claim in these circumstances. This deficiency cannot be cured by amendment.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable Bivens claim for relief under federal law. The deficiencies in Plaintiff's complaint cannot be cured by amendment, and thus leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for failure to state a cognizable claim for relief pursuant to 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 30, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE